PETTIGREW, J.
| ¡¿Petitioner, Durwin L. Abbott, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (“DPSC”), appeals a judgment affirming DPSC’s final agency decision rendered under Disciplinary Board Appeal No. DCI-2010-92 and dismissing the claims alleged in his petition for judicial review. For the following reasons, we affirm.
DISCUSSION
On March 8, 2010, Abbott was found guilty of violating Disciplinary Rule # 1 (contraband) when he failed a drug screen for THC (marijuana), resulting in a sentence of custody change from medium to maximum working cellblock, forfeiture of 90 days good time, 6 months of drug testing, and restitution in the amount of $63.00 to cover the costs of the drug testing. In his disciplinary board appeal, Abbott argued that his urine sample was required to be sent to an outside lab according to DPSC’s regulations and because it was not, his rights were violated. Abbott also alleged that certain medications he was taking could cause a false-positive test result. Abbott’s appeals were unsuccessful. DPSC determined that Abbott “was provided with a full hearing and was afforded due process in both the hearing and the sentencing phases of the proceeding” and that “the sanctions imposed were appropriate.”
Having exhausted his administrative remedies, Abbott filed a petition for judicial review in the Nineteenth Judicial District Court. The matter was then referred to a commissioner for review pursuant to La. R.S. 15:118s.[1] The commissioner noted that DPSC’s regulation for drug testing requires two in-house tests if the first one is positive. Both must be administered by different officers, which they were in this case. The commissioner further recognized that petitioner failed to provide sufficient authority for his claim that an outside lab test is constitutionally required or even required by regulation |sand failed to present evidence showing the testing procedures used were invalid or unreliable. *508 The commissioner concluded DPSC’s decision to rely on the test results was neither arbitrary nor capricious and was not in violation of petitioner’s rights. The commissioner recommended that DPSC’s decision be affirmed, Abbott timely filed a traversal of that recommendation, reiterating his arguments to the court. On April 4, 2012, a judgment was signed, affirming DPSC’s decision and dismissing Abbott’s petition for judicial review, with prejudice. This appeal followed.
After a thorough review of the record, in consideration of Abbott’s arguments on appeal, and applying the relevant law and jurisprudence, we find no error of law or abuse of discretion by the district court in adopting, as its own, the commissioner’s report. We, therefore, affirm the April 4, 2012 judgment of the district court and find that the district court’s reasons for judgment, as set forth in the commissioner’s recommendation, adequately explain the decision. All costs associated with this appeal are assessed against petitioner, Durwin L. Abbott.
AFFIRMED.

. The offices of commissioner of the 19th Judicial District Court were created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. La. R.S. 13:713(A). The district judge "may accept, reject, or modify in whole or in part the findings or recommendations made by the commissioner and also may receive further evidence or recommit the matter to the commissioner with instructions.” La. R.S. 13:713(0(5).